UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RALPH GENTRY                                                        PETITIONER

v.                                                            CIVIL ACTION NO. 3:15CV-P449-CRS

GARY BECKSTROM, WARDEN                            RESPONDENT

**MEMORANDUM OPINION**

      Petitioner Ralph Gentry filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The Court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review, the Court directed Gentry to show cause why his petition should not be dismissed as time-barred under the applicable one-year statute of limitations. Gentry responded to the Court's Show Cause Order. Upon review, for the reasons set forth below, the Court will dismiss the petition as untimely.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

      According to the petition, Gentry was convicted on April 26, 2005, after he made an *Alford* plea in Jefferson Circuit Court to Manslaughter I, Burglary I, Criminal Mischief III, and Tampering with Physical Evidence. He was sentenced to 15 years. He did not file a direct appeal. He filed a motion to vacate his sentence pursuant to Kentucky RCr 11.42 in Jefferson Circuit Court in April 2008, which was denied by that court on July 8, 2008. He also filed a CR 60.02/61.02 motion in Jefferson Circuit Court in October 2011, which was denied on August 16, 2012. He filed an appeal of that decision to the Kentucky Court of Appeals, which affirmed the denial on March 14, 2014. He filed a motion for discretionary review in the Kentucky Supreme Court, which presumably was denied. He does not provide the date of such

motion or ruling. Gentry also filed a petition for writ of habeas corpus in Morgan Circuit Court in 2014, which was denied, but he also does not provide the date of that motion or ruling. Gentry filed the instant petition for writ of habeas corpus in this Court on June 2, 2015.[1]

## II. ANALYSIS

Because Gentry's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

---

[1] Under the mailbox rule, the petition is deemed filed on the date it was presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). While Gentry did not state in the petition the date he presented it to prison officials for mailing, his memorandum in support of his petition shows a service date of June 2, 2015. The Court will consider that date as the date he filed his petition under the mailbox rule.

2

> or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, Gentry did not file a direct appeal of his conviction. Therefore, the one-year limitations period began to run at "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Gentry's conviction became final on May 26, 2005, at the expiration of the thirty-day period for filing an appeal. *See* RCr 12.04. Thus, Gentry had until May 26, 2006, to file a petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack <u>pending</u> in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending'") (quoting 28 U.S.C. § 2244(d)(2)). Gentry did not file the instant habeas petition by May 26, 2006, nor did he have any time-tolling collateral action pending during that time period.

Gentry first filed a collateral attack challenging his conviction in state court in April 2008. The fact that this motion may have been timely under state law does not serve to save the instant petition from being time-barred. Filing a post-conviction motion does not restart the one-year statute of limitations. *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003). As the Sixth Circuit opined, "[t]he tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id.* at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). To hold otherwise would be to eviscerate the AEDPA's purpose of ensuring finality of state court

judgments. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (observing that the AEDPA's time bar "quite plainly serves the well-recognized interest in the finality of state court judgments" and "reduces the potential for delay on the road to finality") (quoting *Duncan v. Walker*, 533 U.S. 167, 179 (2001)).

From a review of Gentry's petition it appears that he did not file his first collateral attack of his state court conviction until April 2008, more than two years after the applicable limitations period had expired. By the time Gentry sought post-conviction relief from the Jefferson Circuit Court in April 2008 or in subsequent post-conviction motions, there was nothing left of the federal habeas one-year statute of limitations to toll. Therefore, his § 2254 petition seeking a writ of habeas corpus from this Court, filed almost nine years after the expiration of the statute of limitations, is time-barred.

Section 2254's statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Id.* at 1008-09. A litigant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). Ignorance of the law alone does not excuse prompt filing. *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir. 2004).

In response to the Show Cause Order, Gentry contends that he is actually innocent of the crimes of which he was convicted. He states that "failure to address his claim of Double

4

Jeopardy would result in a fundamental Miscarriage of justice in light of the fact that he is actually innocent." He further states, "[A]t the time of the crime, he was at Dr. Lansings office . . . and could not have committed the crimes. Furthermore, the Commonwealth's star witness . . . recanted his statement against Gentry months before Gentry's trial began." He also maintains, "Subjecting Gentry to continue to do time for Double Jeopardy on a void judgment, for which he is innocent of would be a grave miscarriage of justice."

The statute of limitations in § 2244(d)(1) may be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence. *Schlup v. Delo*, 513 U.S. 298, 317 (1995); *see also Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005). Actual innocence means factual innocence, not mere legal insufficiency or legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008); *Souter*, 395 F.3d at 590. To make out a credible claim of actual innocence, Gentry is required to support his allegations of federal constitutional error with "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. at 324. Without any new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a habeas claim that is time-barred by the statute of limitations. *Id*. at 316; *Connolly*, 304 F. App'x at 417.

In the case at bar, Gentry does not argue any new facts or present new reliable evidence that could not have been presented at trial. Therefore, he is not entitled to equitable tolling on the basis of actual innocence.

For these reasons, the Court concludes that this action is untimely.  By separate Order, the Court will dismiss this action.

### III.  CERTIFICATE OF APPEALABILITY

In the event that Gentry appeals this Court's decision, he is required to obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further.  *Id.* at 484.  In such a case, no appeal is warranted.  *Id.*  This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable.  Thus, no certificate of appealability is warranted in this case.

Date:   February 19, 2016

                                        Charles R. Simpson III, Senior Judge
                                        United States District Court

cc:     Petitioner, *pro se*
        Respondent
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4411.010